**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| MEGIN BRAMLETT, ) | |
| ) | |
| Plaintiff, ) | Case: 3:25-cv-02203 |
| ) | |
| v. ) | |
| ) | |
| ULTRA PLAY SYSTEMS, INC., ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

**COMPLAINT**

Plaintiff, Megin Bramlett ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, Ultra Play Systems, Inc. ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.  This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Illinois Human Rights Act (775 ILCS 5/) ("IHRA") seeking redress for Defendant's sex-based discrimination, sex-based harassment, and retaliation under Title VII and the IHRA.

2.  This lawsuit also arises under the Illinois Worker's Compensation Act, 820 ILCS 305/ ("IWCA"), for Defendant's termination of Plaintiff's employment in retaliation for her asserting her rights under IWCA.

**JURISDICTION AND VENUE**

3.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

4.  Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5.      This Court has pendent jurisdiction and supplementary jurisdiction of Counts II, IV, VI, and VII through 28 U.S.C. § 1367.

## ADMINISTRATIVE PREREQUISITES

6.      All conditions precedent to jurisdiction have been satisfied.

7.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

8.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9.      This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10.      Plaintiff, Megin Bramlett, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Randolph County, Illinois.

11.      Defendant, Ultra Play Systems, Inc., whose address is 3941 Kennedy Drive, Redbud, Illinois 62278, is a limited liability company specializing in producing playground equipment and other outdoor products that at all times material to the allegations in this Complaint was doing business in and for Randolph County, Illinois.

12.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

13.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

14. Plaintiff worked for Defendant as a powder coat line worker from in or around September 2023 until Plaintiff's unlawful termination on or about March 14, 2025.

15. Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of her employment.

16. Plaintiff is female and is a member of a protected class because of her sex (female).

17. Since at least September 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII and the IHRA.

18. Plaintiff was the only female working on the powder coat line, and she was consistently subjected to different and less favorable treatment than her male coworkers.

19. Male employees on the line were regularly allowed to sit around for long periods, smoke, and avoid performing duties without facing any consequences, while Plaintiff was expected to work without respite.

20. Male employees regularly isolated Plaintiff from important communications regarding work.

21. Specifically, male employees would fail to inform her when she needed to step aside to allow others to complete tasks, which resulted in Plaintiff being reprimanded for work she was never instructed on how to perform.

22. On multiple occasions, Plaintiff was unjustly reprimanded for things she was never trained on, while her male colleagues were not held to the same standard.

23. On one occasion, Plaintiff's supervisor, Corey, exhibited a pattern of discriminatory behavior toward her.

24. Whenever Plaintiff went to the restroom, she would be questioned about her need to go, something that was not expected of the male employees.

25. Additionally, male employees were allowed to sit idly for extended periods, smoking, without facing any negative repercussions, which further underscored the unequal treatment Plaintiff faced on a daily basis.

26. In March 2024, a male coworker intentionally brushed up against Plaintiff's breasts while she was lifting heavy items on the line.

27. Plaintiff immediately reported this incident to her supervisor.

28. However, the supervisor's response was dismissive and unhelpful. He remarked, "If you really want to go to HR, you can, but you'll end up like the last one," referring to a previous female employee who had reported harassment but faced retaliation.

29. This response made Plaintiff feel discouraged and unsafe in the workplace.

30. On or around March 14, 2025, Plaintiff was operating a grinder in the course of her work. During this process, the handle on the grinder broke, which caused Plaintiff to feel pressure to work more quickly in order to maintain production levels.

31. Plaintiff replaced the grinder's handle but did so in haste and without the proper training or tools. This led to a safety issue and contributed to the accident that occurred during the grinding process.

32. Despite Plaintiff's attempt to explain the situation and the lack of training she had received, she was blamed for the incident, and Defendant did not take any corrective action or provide support.

33. After the accident, Plaintiff attempted to file for workers' compensation but was unable to reach anyone at Ultra Play Systems for assistance.

34. Plaintiff tried to contact the company multiple times, but the company failed to respond to her requests, preventing her from properly addressing the workers' compensation claim.

35. Plaintiff's efforts to seek legal guidance regarding the claim were hindered due to the company's lack of communication and unwillingness to provide the necessary contact information.

36. Plaintiff's employment with Ultra Play Systems, Inc. was terminated on March 14, 2025, following her reporting of the harassment and safety concerns.

37. Plaintiff believes that her termination was retaliatory in nature.

38. Plaintiff was unlawfully terminated after raising concerns about a hostile work environment, discriminatory treatment, and retaliation for filing complaints.

39. Plaintiff had made it clear to her supervisor and others of Defendant that she had been subjected to gender-based harassment and retaliation, which ultimately led to her unlawful dismissal.

40. Throughout her employment at Ultra Play Systems, Plaintiff repeatedly attempted to address the ongoing discrimination and harassment she faced in the workplace.

41. Despite these efforts, Defendant failed to take appropriate steps to remedy the situation, instead choosing to retaliate against Plaintiff, culminating in her wrongful termination.

42. Plaintiff was unlawfully terminated because of her sex, (female).

43. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

44. Plaintiff reported the sex-based discrimination and harassment to Defendant.

45. Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

46. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

47. There is a basis for employer liability for the sex-based discrimination and harassment to which Plaintiff was subjected.

48. Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff reported sex-based harassment and discrimination and was ultimately terminated from her employment.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

49. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

51. Plaintiff met or exceeded performance expectations.

52. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

53. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

54. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, female.

55. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

56. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Illinois Human Rights Act, (775 ILCS 5/)
### (Sex-Based Discrimination)

57. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

58. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Illinois Human Rights Act (775 ILCS 5/).

59. Plaintiff met or exceeded performance expectations.

60. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (male employees).

61. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex, female.

62. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex, female.

63. Defendant acted in willful and/or reckless disregard for Plaintiff's protected rights.

64. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Sex-Based Harassment)

65. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

66. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

67. Defendant knew or should have known of the harassment.

68. The sex-based harassment was severe or pervasive.

69. The sex-based harassment was offensive subjectively and objectively.

70. The sex-based harassment was unwelcomed.

71. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., due to Plaintiff's sex, female.

72. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

73. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Illinois Human Rights Act, (775 ILCS 5/)
### (Sex-Based Harassment)

74. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

75. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of the Illinois Human Rights Act (775 ILCS 5/).

76. Defendant knew or should have known of the harassment.

77. The sex-based harassment was severe or pervasive.

78. The sex-based harassment was offensive subjectively and objectively.

79. The sex-based harassment was unwelcomed.

80. Plaintiff is a member of a protected class under the Illinois Human Rights Act (775 ILCS 5/) due to her sex, female.

81. Defendant acted in willful and/or reckless disregard for Plaintiff's protected rights.

82. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT V**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

83. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

84. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

85. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and harassment.

86. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

87. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

88. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

89. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

90. By virtue of the foregoing, Defendant retaliated against Plaintiff in response to Plaintiff reporting the sex-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

91. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

92. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT VI
### Violation of the Illinois Human Rights Act (775 ILCS 5/)
### (Retaliation)

93. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

94. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex, female.

95. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and harassment.

96. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Illinois Human Rights Act (775 ILCS 5/).

97. In response to Plaintiff's complaints, Defendant failed numerous times to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

98. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

99. Plaintiff has suffered adverse employment action in retaliation for engaging in protected activity.

100. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting of sex-based discrimination and harassment, thereby violating the Illinois Human Rights Act (775 ILCS 5/).

101. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of the IHRA.

102. As a direct and proximate result of the above-alleged willful and/or reckless act of Defendant, Plaintiff has suffered of a pecuniary and non-pecuniary nature, humiliation, and degradation, including mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VII
### Violation of Illinois Worker's Compensation Act (820 ILCS 305/4)
### (Retaliation)

103. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

104. Under the Illinois Worker's Compensation Act, 820 ILCS 305/4, employers are prohibited from interfering with or retaliating against employees for exercising their rights under the Act.

105. Plaintiff suffered a work injury and attempted to exercise her rights to seek medical care she was entitled to under the Illinois Worker's Compensation Act.

106. Defendant knew or should have known about Plaintiff's work injury.

107. Defendant knew or should have known that it must engage in an interactive process to enable Plaintiff to submit a claim for her work injury, in compliance with the Illinois Worker's Compensation Act.

108. Defendant failed to engage in an interactive process with Plaintiff regarding her work injury.

109. Defendant interfered with Plaintiff's exercise of her rights under the Illinois Worker's Compensation Act.

110. Plaintiff was then terminated in retaliation for suffering a work injury and attempting to seek medical care related to this work injury.

111.  As a result of said interference, retaliation, and discharge, Plaintiff has suffered damages, including but not limited to loss of earnings, loss of ability to earn money, and mental anguish.  The losses have occurred in the past and will continue in the future.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

- a. Back pay with interest;
- b. Payment of interest on all back pay recoverable;
- c. Front pay;
- d. Loss of benefits;
- e. Compensatory and punitive damages;
- f. Reasonable attorneys' fees and costs;
- g. Award pre-judgment interest if applicable; and
- h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 18th day of December 2025.

> /s/ *Chad W. Eisenback*
> **CHAD W. EISENBACK, ESQ.**
> SULAIMAN LAW GROUP, LTD.
> 2500 South Highland Avenue, Suite 200
> Lombard, Illinois 60148
> Phone (630) 575-8181
> Fax (630) 575-8188
> ceisenback@atlaslawcenter.com
> *Attorney for Plaintiff*